**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY,<br>Plaintiff, | : | |
| v. | : | C.A. No. 04-122 ML |
| NICHOLAS DAGNONE,<br>Defendant, | : | |
| v. | : | |
| HINCKLEY YACHT SERVICES<br>(The Talaria Company LLC)<br>Third Party Defendant. | : | |

**DAGNONE'S MOTION FOR ENTRY**
**OF SEPARATE JUDGMENT ON CLAIMS**
**BETWEEN DAGNONE AND PLAINTIFF**

Pursuant to Rule 54(b) Fed. R. Civ. Proc., plaintiff moves for entry of judgment on the claim of plaintiff NHIC against Dagnone, and on Dagnone's counterclaim against NHIC. All proceedings have been completed regarding these claims. There is no just reason to delay entry of judgment on these claims while waiting for resolution of the remaining third party claims of Dagnone against Hinckley.

Dagnone respectfully requests that the Court expressly determine that there is not just reason for delay, and expressly direct entry of separate judgment under Rule 54(b) Fed. R. Civ. Proc. The grounds for this motion are set forth in the supporting memorandum.

Respectfully submitted,

John D. Deacon, Jr. (#2226)
72 Pine Street
Providence, RI 02903
Tel: 401.272.8080
Fax: 401.272.8195

**Attorney for Nicholas Dagnone**

**Certificate of Service**

I hereby certify that on this 20 day of September 2005, I caused to be mailed, via First Class U.S. mail, a true copy of the within Motion for Entry of Separate Judgment on Claims Between Dagnone and Plaintiff to Frederick A. Lovejoy, Esq., Lovejoy & Associates, 1536 Westminster Street, Providence, RI 02903 and Norman A. Peloquin, II, Esq., 16 Main Road, P.O. Box 65, Adamsville, RI 02801.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY,<br>Plaintiff, | : | |
| v. | : | C.A. No. 04-122 ML |
| NICHOLAS DAGNONE,<br>Defendant, | : | |
| v. | : | |
| HINCKLEY YACHT SERVICES<br>(The Talaria Company LLC)<br>Third Party Defendant. | : | |

**MEMORANDUM IN SUPPORT OF**
**DAGNONE'S MOTION FOR ENTRY OF SEPARATE JUDGMENT**
**ON CLAIMS BETWEEN DAGNONE AND PLAINTIFF**

Pursuant to Rule 54(b) Fed. R. Civ. Proc., plaintiff has moved for entry of judgment on the claim of plaintiff NHIC against Dagnone, and on Dagnone's counterclaim against NHIC. All proceedings have been completed regarding these claims. There is no just reason to delay entry of judgment on these claims while waiting for resolution of the remaining third party claims of Dagnone against Hinckley.

Dagnone respectfully requests that the Court expressly determine that there is no just reason for delay, and expressly direct entry of separate judgment under Rule 54(b) Fed. R. Civ. Proc. In support, Dagnone states as follows.

This action arises from storm damage to a motor vessel owned by Dagnone, which occurred in December of 2003 while the vessel was berthed at Hinckley Yacht Services. The Plaintiff New Hampshire Insurance Company ("NHIC") is the insurer on a policy of marine insurance purchased by Dagnone, covering the vessel.

In April of 2004, four months after the loss, NHIC brought an action seeking declaratory judgment that its Policy did not cover the subject loss. Dagnone counterclaimed against NHIC for coverage under the Policy, and brought a third party claim against Hinckley Yacht Services for the same loss, but on a different theory – common law bailment. Hinckley asserted counterclaims against Dagnone.

At the pretrial conference on August 10, 2004, after discussion with counsel, the Court effectively severed the claims between Dagnone and NHIC from the claims between Dagnone and Hinckley, without entering a formal severance order. The Court ordered that NHIC and Dagnone file cross motions for summary judgment on the claims inter se by December 15, 2004 (as extended), and that such discovery as appropriate to such cross motions could proceed as between NHIC and Dagnone. The Court, again without formal order, stated that proceedings on the claims between Dagnone and Hinckley be stayed until after determination of the insurance-related claims between NHIC and Dagnone. The parties proceeded in compliance with the Court's directives.

On April 20, 2005, the Court issued a memorandum and order deciding the cross motions for summary judgment in favor of NHIC and against Dagnone.

With full respect for the Court, and without defiance of the Court's rulings, Dagnone respectfully disagrees with the decision of the cross motions for summary judgment and wishes to seek appellate review pursuant to Rule 54(b) Fed. R. Civ. Proc. In order to do so, a separate judgment must enter as to the NHIC/Dagnone claims. As provided by Rule 54(b) the Court must expressly determine that there is no just reason for delay, and expressly direct entry of separate judgment.

Entry of a separate judgment on the NHIC/Dagnone claims is consistent with the separate procedural track which substance of these claims, and the separate procedural track they have followed.

Respectfully submitted,

John D. Deacon, Jr. (#2216)
72 Pine Street - 5th Floor
Providence, RI 02903
Tel: 401-272-8080
Fax: 401-272-8195

**Attorney for Nicholas Dagnone**

**Certificate of Service**

I hereby certify that on this 20 day of September, 2005, I caused to be mailed, via First Class U.S. mail, a true copy of the within Memorandum in Support of Dagnone's Motion For Entry of Separate Judgment On Claims Between Dagnone and Plaintiff to Frederick A. Lovejoy, Esq., Lovejoy & Associates, 1536 Westminster Street, Providence, RI 02903 and Norman A. Peloquin, II, Esq., 16 Main Road, P.O. Box 65, Adamsville, RI 02801.