UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>- against -<br><br>NICHOLAS DAGNONE,<br><br>Defendant/Third-Party Plaintiff,<br><br>-against-<br><br>HINCKLEY YACHT SERVICE,<br><br>Third-party Defendant. | Index No. Ca 04 122 ML |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SEPARATE JUDGMENT**

## PRELIMINARY STATEMENT

Plaintiff New Hampshire Insurance Company ("NHIC"), submits this memorandum of law in opposition to defendant Nicholas Dagnone's motion pursuant to Rule 54(b) for entry of judgment on this Court's April 19, 2005 Memorandum and Order granting summary judgment in favor of NHIC. Over six months ago, the Court held that Dagnone had no insurance coverage under a yacht policy for damages to his boat because he breached an express Lay-Up Warranty in the policy.[1] As this is an admiralty action, the April 19 order was immediately appealable pursuant to 28 U.S.C. §1292(a)(3). Thus, Dagnone's motion for entry of judgment pursuant to Rule 54(b) is misplaced as he is attempting to restart the clock to appeal - which has expired.

## STATEMENT OF FACTS

The facts relevant to the underlying action are set forth in the Court's April 19 order and summarized below.

***The Coverage Action***

NHIC issued Dagnone a Yacht Policy YM 310-78-22 effective September 18, 2003 to September 18, 2004, providing insurance coverage to Dagnone's 1993 forty-nine foot vessel. The Yacht Policy contained the following relevant terms and conditions:

The declarations page of the policy contains the following warranty:

> **Lay-Up Warranty** Warranted that the described yacht shall be laid up and out of commission and not used by the insured for any purpose

[1] New Hampshire Ins. Co. v. Dagnone, 2005 WL 936929, 2005 A.M.C. 1339 (D.R.I. 2005).

> during the period during the period from 10/31 (at12:01 am) to 4/15 (12:01 am)

The Policy also contains the following relevant provision in the **General Conditions and Exclusions**:

> 1. RESTRICTIONS ON THE USE OF **YOUR YACHT**: There are certain restrictions on the use of **your yacht** under the **policy**. **We** shall not cover losses that occur while **your yacht** is being used in any way that is prohibited by this **policy**.
>
> These are the restrictions:
>
> * * *
>
> (D) **Your yacht** must be laid up and out commission during the period shown on the **declarations**.

On or about December 6, 2003, at a time when the Yacht Policy required that the vessel be "laid up and out of commission", but was not, it suffered damages from a storm. Dagnone filed a claim with NHIC in the amount of $38,327. NHIC denied the claim because Dagnone breached the Yacht Policy's lay-up warranty and sought a declaration to this effect.

Upon cross-motions for summary judgment, the Court ruled on April 19, 2005 that because Dagnone did not winterize the vessel at the time of the accident:

> the vessel was not 'laid up and out of commission' as required by the Yacht Policy. Dagnone's breach of the Lay-Up Warranty precludes recovery under the policy. Accordingly, Dagnone's Motion for Summary Judgment is DENIED and NHIC's Motion for Summary Judgment is GRANTED.
>
> New Hampshire Ins., 2005 WL 936929 at *7.[2]

[2] As a result of the April 19 order, and as evidenced by the Court's Docket Sheet, the action was then terminated as between New Hampshire and Dagnone. Excerpts of the docket sheet are attached hereto as Exhibit "A".

***The Liability Action***

In June 2004, Dagnone filed a third-party complaint against Hinckley Yacht Services, the marina that had custody of the vessel at the time of the storm. Dagnone alleged that the damage to the vessel was caused by Hinckley's breach of bailment, negligence and demanded full recovery from Hinckley. A copy of the third-party complaint is attached hereto as Exhibit "B".

Although styled by Dagnone as a "third-party complaint" and filed under the same index number as the Coverage Action, the third-party complaint exhibits none of the elements of a third-party complaint, as opposed to an independent action. Specifically, Dagnone does not allege either that Hinckley is responsible to Dagnone for NHIC's claims against him, or that Hinckley is wholly or partly liable to NHIC. In essence, and as conceded by Dagnone in his current moving papers, this Court recognized the independence between the Coverage Action and the Liability Action. Having disposed of the Coverage Action, the Court then proceeded to consider the merits of Dagnone's claim for damages against Hinckley.

The April 19 order was immediately appealable by Dagnone. Dagnone failed to timely appeal and cannot now obtain a second bite at finality under Rule 54(b).

## DISCUSSION

## POINT I

## RULE 54 DOES NOT APPLY TO THIS ADMIRALTY ACTION

As a general rule, the federal system prohibits the appeal of interlocutory decisions of the district courts. There are, however, certain exceptions to this rule against piecemeal appellate

practice. One of those exceptions is Rule 54(b), Continental Casualty Co. v. Anderson Excavating & Wrecking Co., 189 F.3d 512, 518 (7th Cir. 1999), which permits "a party (and its adversaries) to determine at the earliest possible opportunity whether it is securely out of the litigation and therefore can stop worrying about and preparing for further proceedings in it." Id.

Rule 54(b), however, does not apply here. Where an action is brought under the court's admiralty jurisdiction, [Fed.R.Civ.P. 9(h)], as these actions were, 28 U.S.C. 1292(a)(3) provides that "interlocutory decrees ... determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed" are appealable. *See* Doyle v. Huntress, Inc., 419 F.3d 3 (1st Cir. 2005); Continental Casualty, 189 F.3d at 516; Bradford Marine, Inc. v. M/V "SEA FALCON", 64 F.3d 585 (11th Cir. 1995) (collecting cases). "All the rights and liabilities of all the parties do not need to be determined before such an order is appealable." Id. at 588. *See* 9 James W. Moore, *Moore's Federal Practice* ¶110.19[3], at 202 (2d ed. 1995) ("1292(a)(3) has been applied to permit interlocutory appeal of orders that dispose of the claims of one or more but fewer than all of the parties in multiparty admiralty litigation in circumstances in which, in other civil litigations, final judgment could be entered under Rule 54(b) but was not.")

Because the April 19 order is such a final, definitive declaration of the rights and liabilities between parties in an admiralty action, Dagnone had the immediate right to appeal pursuant to Section 1292(a)(3), without the need for certification pursuant not Rule 54(b). He should have (but did not) appeal the April 19 order within the time period permitted by Rule 4 of the Federal Rules of Appellate Procedure. Dagnone cannot now rely upon an improper procedure to rescue his failure to follow the federal rules. *See* Seattle First National Bank v.

Bluewater Partnership, 772 F.2d 565, 569 (9th Cir. 1985) ("A timely notice of appeal is mandatory and jurisdictional.")

**POINT II**

**DAGNONE MAY NOT RECTIFY HIS FAILURE TO TIMELY APPEAL THE APRIL 19 ORDER**

Dagnone chose not to appeal the April 19 Order despite that it was clearly a "final order" which terminated the proceedings between him and NHIC. *See e.g.* Rabbi Jacob Joseph School v. Province of Mendoza, – F.3d–, 2005 WL 2404150, (2d Cir. Sep 30, 2005) (A final order is an order of the District Court that "ends the litigation on the merits and leaves nothing for the court to do but execute judgment"). Instead, Dagnone now moves pursuant to Rule 54(b) arguing that the April 19 order does not provide the right to immediate appeal without entry of a Rule 54(b) designation. Dagnone is incorrect.

*First*, as discussed in Point I, *supra*, Rule 54(b) does not apply to "interlocutory" decisions in admiralty actions. Thus, Dagnone had the immediate right to appeal pursuant to 28 U.S.C. 1292(a)(3), but elected not to do so.

*Second*, Rule 54(b)'s goal of enabling timely "piecemeal" appellate resolution of claims would not be served where, as here, the party seeking "piecemeal" review had waaited almost six (6) months after entry of the final order before making a motion under Rule 54(b). Courts have denied discretionary appellate review under 28 U.S.C. §1292(b) where a party waited only 2½ months to request review of an order it wanted to challenge. *See* Ferraro v. U.S. Secretary of HHS, 780 F. Supp 978 (E.D.N.Y. 1992). Here, Dagnone had the immediate right to appeal, but

did not. Also, Dagnone could have moved under Rule 54(b) immediately after entry of the April 19 order, but did not. Instead, he waited almost 6 months before seeking relief. Even if Rule 54(b) is applicable, which it is not, the Court should deny this motion for untimeliness. *Cf.* Fed. R. Civ. P. 59 and 60.

*Third*, as Dagnone concedes, this Court effectively "severed" the third-party Liability Action from the Coverage Action. *Cf.* Fed.R.Civ.P. 14(a) ("Any party may move to strike the third-party claim, or for its severance or separate trial"). Dagnone did not challenge this effective severence and instead proceeded as if the actions were independent.[3]

It is clear that as far as the Court and parties were concerned, the April 19 order terminated the Coverage Action *in toto*.[4] Dagnone was obligated to appeal within 30 days of entry the April 19 order. He did not. The only reason for this untimely and unsupported motion is that Dagnone recognizes that his right to appeal expired long ago. The Federal Rules do not countenance such gamesmanship.

---

[3] Even if the actions were not "severed", Dagnone's Liability Action is not a "third-party" action under Rule 14 for several reasons, including that Dagnone: (1) never mentions nor annexes as an exhibit the Coverage Action; (2) does not allege that Hinckley Yacht Services is liable to him for *New Hampshire's* claim against Dagnone, per Rule 14(a); (3) does not allege that Hinckley is "wholly or partially liable, either to the plaintiff or to the third-party plaintiff, by way of remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences." Rule 14(c). Instead, Dagnone asserts claims for monetary damages due to Hinckley Yacht Services' breach of contract and negligence, which claims are separate and independent of the "first-party" insurance dispute and should have been separately brought by Dagnone.

[4] As mentioned, the Court's Docket Sheet was amended to reflect that the matter was "terminated" as to NHIC on April 19, 2005.

**CONCLUSION**

In light of the foregoing, NHIC submits that the Court should deny Dagnone's motion in its entirety, with costs.

Dated: October 24, 2005
Providence, Rhode Island

LOVEJOY & ASSOCIATES
Attorneys for Plaintiff
New Hampshire Insurance Company

By:______________________
Frederick A. Lovejoy (Bar No.: 5313)
1536 Westminster Street
Providence, Rhode Island 02909
(401) 273-7747
(401) 421-4818 (fax)

***Of Counsel***
James E. Mercante, Esq.
Michael E. Stern, Esq.

DLM

**U.S. District Court**
**District of Rhode Island (Providence)**
**CIVIL DOCKET FOR CASE #: 1:04-cv-00122-ML**

| | |
|---|---|
| N.H. Insurance Co. v. Dagnone<br>Assigned to: Judge Mary M Lisi<br>Demand: $0<br>Cause: 28:1333 Admiralty | Date Filed: 04/09/2004<br>Jury Demand: Defendant<br>Nature of Suit: 120 Contract: Marine<br>Jurisdiction: Federal Question |

**Plaintiff**

| | | |
|---|---|---|
| **New Hampshire Insurance Company**<br>*TERMINATED: 04/19/2005* | represented by | **Frederick A. Lovejoy**<br>1536 Westminster Street<br>Providence, RI 02909<br>273-7747<br>*TERMINATED: 04/19/2005*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **Nicholas Dagnone** | represented by | **John D. Deacon**<br>Little, Medeiros, Kinder, Bulman & Whitney<br>72 Pine St.<br>5th Floor<br>Providence, RI 02903<br>272-8080<br>Fax: 521-3555<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Counter Claimant**

| | | |
|---|---|---|
| **Nicholas Dagnone** | represented by | **John D. Deacon**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

V.

**Counter Defendant**

| | | |
|---|---|---|
| **New Hampshire Insurance Company**<br>*TERMINATED: 04/19/2005* | represented by | **Frederick A. Lovejoy**<br>(See above for address)<br>*TERMINATED: 04/19/2005*<br>*LEAD ATTORNEY* |

A

*ATTORNEY TO BE NOTICED*

**ThirdParty Plaintiff**

**Nicholas Dagnone** represented by **John D. Deacon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**ThirdParty Defendant**

**Hinckley Yacht Services**
*(The Talaria Company LLC)* represented by **Norman A. Peloquin, II**
Norman A. Peloquin II, P.C.
16 Main Road
P.O. Box 65
Adamsville, RI 02801
401-635-9100
Fax: 401-635-9125
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Hinckley Yacht Services** represented by **Norman A. Peloquin, II**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/09/2004 | 1 | COMPLAINT filed; FILING FEE $ 150.00 RECEIPT # 56874 (McCabe, F) (Entered: 04/09/2004) |
| 04/09/2004 | | CASE assigned to Judge Mary M. Lisi . Assigned to Magistrate Judge Martin (McCabe, F) (Entered: 04/09/2004) |
| 04/09/2004 | | SUMMONS(ES) issued (McCabe, F) (Entered: 04/09/2004) |
| 04/12/2004 | 2 | ENTRY of appearance for N.H. Insurance Co. by Frederick A. Lovejoy (Duhamel, J) (Entered: 04/12/2004) |
| 06/23/2004 | | THIRD PARTY SUMMONS(ES) issued (McCabe, F) (Entered: 06/23/2004) |
| 06/23/2004 | 3 | ANSWER to Complaint; jury demand and COUNTERCLAIM by Nicholas Dagnone (Attorney John D. Deacon) against N.H. Insurance Co. (Duhamel, J) (Entered: 06/24/2004) |
| 06/23/2004 | 4 | THIRD-PARTY COMPLAINT by Nicholas Dagnone against Hinckley Yacht Svcs. (The Talaria Company LLC) (Duhamel, J) (Entered: 06/24/2004) |
| | | |

| | | |
|---|---|---|
| 06/28/2004 | 5 | RETURN OF SERVICE (as to Third Party Summons) executed as to Hinckley Yacht Svcs. 6/25/04 Answer due on 7/15/04 for Hinckley Yacht Svcs. (Duhamel, J) (Entered: 06/28/2004) |
| 07/01/2004 | 6 | ANSWER to Complaint by Nicholas Dagnone (Attorney John D. Deacon, Jr.); jury demand (Duhamel, J) (Entered: 07/01/2004) |
| 07/01/2004 | 6 | AMENDED COUNTERCLAIM by Nicholas Dagnone : amending [3-2] counter claim (Duhamel, J) (Entered: 07/01/2004) |
| 07/13/2004 | | Rule 16 Conference set 9:30 8/10/04 Before Judge Mary M. Lisi (Barletta, B) (Entered: 07/13/2004) |
| 07/15/2004 | 7 | RETURN OF SERVICE executed as to Nicholas Dagnone 6/30/04 Answer due on 7/20/04 for Nicholas Dagnone (Duhamel, J) (Entered: 07/15/2004) |
| 07/20/2004 | 8 | ANSWER by Hinckley Yacht Svcs. (Talaria Company, LLC) (Attorney Norman A. Peloquin II) to [4-1] third-party complaint (Duhamel, J) (Entered: 07/20/2004) |
| 07/20/2004 | 8 | COUNTERCLAIM by Hinckley Yacht Svcs. (Talaria Company, LLC) against Nicholas Dagnone (Duhamel, J) (Entered: 07/20/2004) |
| 07/20/2004 | 9 | ENTRY of appearance for Hinckley Yacht Svcs. (Talaria Company, LLC) by Norman A. Peloquin, II (Duhamel, J) (Entered: 07/20/2004) |
| 07/21/2004 | 10 | ANSWER by N.H. Insurance Co. to [6-1] amended counterclaim of deft Nicholas Dagnonoe (Duhamel, J) (Entered: 07/21/2004) |
| 08/04/2004 | 11 | ANSWER by Nicholas Dagnone to [8-1] counterclaim of Third Party Deft Hinckley Yacht Services (Duhamel, J) (Entered: 08/04/2004) |
| 08/04/2004 | 12 | VERIFICATION by The Talaria Co., LLC, d/b/a Hinckley Yacht Svcs. Re: [8-1] in rem counter claim (Duhamel, J) (Entered: 08/04/2004) |
| 08/10/2004 | | Rule 16 Conference held; Frederick Lovejoy for pltf; John Deacon for Nicholas Dagnone and Norman Peloquin for Hinckley Yacht. A PTO to enter setting 10/15/04 as deadline for filing cross motions for summary judgment. (Barletta, B) (Entered: 08/10/2004) |
| 08/11/2004 | 13 | SCHEDULING ORDER setting Deadline for filing of all motions 10/15/04 ; - forwarded to counsel of record ( signed by Judge Mary M. Lisi ) (Barletta, B) (Entered: 08/11/2004) |
| 09/29/2004 | 14 | MOTION, with Memorandum, by Nicholas Dagnone for Leave to Amend [6-1] answer and [6-1] counterclaim (Duhamel, J) (Entered: 09/29/2004) |
| 10/12/2004 | 15 | MEMORANDUM of LAW by N.H. Insurance Co. in opposition to deft's [14-1] motion for Leave to Amend [6-1] answer and [6-1] counterclaim (Duhamel, J) (Entered: 10/12/2004) |
| 10/12/2004 | 16 | MOTION on CONSENT by N.H. Insurance Co. (with the consent of all parties) to Enlarge Time through 11/15/04, within which pltf N.H. Ins. |

| | | |
|---|---|---|
| | | Co., and deft/3rd pty pltf Nicholas Dagnone may file motions for summary judgment (Duhamel, J) (Entered: 10/12/2004) |
| 10/13/2004 | 17 | ORDER granting [16-1] motion to Enlarge Time through 11/15/04, within which pltf N.H. Ins. Co., and deft/3rd pty pltf Nicholas Dagnone may file motions for summary judgment ( signed by Judge Mary M. Lisi ) -- forwarded to counsel of record (Duhamel, J) (Entered: 10/13/2004) |
| 10/13/2004 | | Deadline updated; reset Motion Filing deadline to 11/15/04 (Duhamel, J) (Entered: 10/13/2004) |
| 10/15/2004 | | Motion(s) referred to Judge: [14-1] motion for Leave to Amend [6-1] answer and [6-1] counterclaim (Barletta, B) (Entered: 10/15/2004) |
| 10/19/2004 | 18 | ORDER granting [14-1] motion for Leave to Amend [6-1] answer and [6-1] counterclaim - forwarded to counsel of record ( signed by Judge Mary M. Lisi ) (Barletta, B) (Entered: 10/19/2004) |
| 10/21/2004 | 19 | AMENDED ANSWER to Complaint by Nicholas Dagnone : amends [6-1] answer; jury demand (Duhamel, J) (Entered: 10/21/2004) |
| 10/21/2004 | 19 | AMENDED COUNTERCLAIM by Nicholas Dagnone : amending [6-1] amended counterclaim (Duhamel, J) (Entered: 10/21/2004) |
| 11/05/2004 | 20 | NOTICE by Nicholas Dagnone to take rescheduled deposition of James Kerr of Hinckley Yacht Services (Duhamel, J) (Entered: 11/05/2004) |
| 11/12/2004 | 21 | JOINT MOTION by N.H. Insurance Co., Nicholas Dagnone to Enlarge Time thorugh 12/15/04, within which to file motions for summary judgment (Duhamel, J) (Entered: 11/15/2004) |
| 11/16/2004 | 22 | ORDER granting [21-1] joint motion to Enlarge Time thorugh 12/15/04, within which to file motions for summary judgment - forwarded to counsel of record ( signed by Judge Mary M. Lisi ) (Barletta, B) (Entered: 11/16/2004) |
| 12/15/2004 | 23 | MOTION, with Memorandum, by Nicholas Dagnone for Summary Judgment on Count 1 of Dagnone's amended counterclaim, and as to all counts of NHIC's complaint (Duhamel, J) (Entered: 12/16/2004) |
| 12/15/2004 | 24 | Statement Of Undisputed Fact by Nicholas Dagnone RE: [23-1] motion for Summary Judgment on Count 1 of Dagnone's amended counterclaim, and as to all counts of NHIC's complaint (Duhamel, J) (Entered: 12/16/2004) |
| 12/15/2004 | 25 | MOTION by Nicholas Dagnone to Exceed Page Limit, by filing accompanying material in support of memorandum re: deft's motion for summary judgment, in excess of 15 pages (Duhamel, J) (Entered: 12/16/2004) |
| 12/17/2004 | 26 | MOTION, with Memorandum, by N.H. Insurance Co. for Summary Judgment re: counterclaim of Nicholas Dagnone (Duhamel, J) Modified on 12/17/2004 (Entered: 12/17/2004) |

| | | |
|---|---|---|
| 12/17/2004 | 27 | Statement Of Undisputed Fact by N.H. Insurance Co. RE: [26-1] motion for Summary Judgment re: counterclaim of Nicholas Dagnone (Duhamel, J) (Entered: 12/17/2004) |
| 12/17/2004 | 28 | MOTION on CONSENT by N.H. Insurance Co. to Exceed the 20- Page Limit re: Declarations and Exhibits in support of pltf's [26-1] memorandum of law (re: M/Summary Jgmt) (Duhamel, J) (Entered: 12/17/2004) |
| 12/17/2004 | 29 | ORDER granting [25-1] motion to Exceed Page Limit, by filing accompanying material in support of memorandum re: deft's motion for summary judgment, in excess of 15 pages ( signed by Judge Mary M. Lisi ) -- forwarded to counsel of record (Duhamel, J) Modified on 12/17/2004 (Entered: 12/17/2004) |
| 12/20/2004 | 30 | ORDER granting [28-1] motion to Exceed the 20- Page Limit re: Declarations and Exhibits in support of pltf's [26-1] memorandum of law (re: M/Summary Jgmt) - forwarded to counsel of record ( signed by Judge Mary M. Lisi ) (Barletta, B) (Entered: 12/20/2004) |
| 12/21/2004 | 31 | MOTION on CONSENT by N.H. Insurance Co. to Enlarge Time through 1/15/05, within which to file pltf N.H. Ins. Co.'s reply to deft/3dpty pltf Nicholas Dagnone's M/Summary Judgment (Duhamel, J) (Entered: 12/21/2004) |
| 12/27/2004 | 32 | UNSWORN DECLARATION UNDER PENALTY OF PERJURY OF CHARLES R. McCAULEY (marine surveyor and principal in the marine surveying firm of C.R. McCauley Adjusters, Inc.) (Duhamel, J) (Entered: 12/28/2004) |
| 12/27/2004 | 33 | DECLARATION OF FREDERICK A. LOVEJOY PURSUANT TO 28 U.S.C. sec. 1746 (Duhamel, J) (Entered: 12/28/2004) |
| 01/03/2005 | 34 | ORDER granting [31-1] motion to Enlarge Time through 1/15/05, within which to file pltf N.H. Ins. Co.'s reply to deft/3dpty pltf Nicholas Dagnone's M/Summary Judgment - forwarded to counsel of record ( signed by Judge Mary M. Lisi ) (Barletta, B) (Entered: 01/03/2005) |
| 01/04/2005 | 35 | MOTION by Nicholas Dagnone to Enlarge Time to 1/15/05, re: "deadline for the filing of responses on the cross motions for summary judgment (Duhamel, J) (Entered: 01/04/2005) |
| 01/05/2005 | 36 | ORDER granting [35-1] motion to Enlarge Time to 1/15/05, re: "deadline for the filing of responses on the cross motions for summary judgment - forwarded to counsel of record ( signed by Judge Mary M. Lisi ) (Barletta, B) (Entered: 01/05/2005) |
| 01/18/2005 | 37 | OBJECTION, with Memorandum, by Nicholas Dagnone to N.H. Ins. Co.'s [26-1] motion for Summary Judgment re: counterclaim of Nicholas Dagnone (Duhamel, J) (Entered: 01/18/2005) |
| 01/18/2005 | 38 | Statement Of Disputed Facts by Nicholas Dagnone RE: [37-1] motion response --- (styled as "Objections of Dagnone to New Hampshire Insurance Company's Statement of Undsiputed Material Facts") |

| | | |
|---|---|---|
| | | (Duhamel, J) (Entered: 01/18/2005) |
| 01/21/2005 | 39 | OBJECTION with memorandum by N.H. Insurance Co. to [23-1] motion for Summary Judgment on Count 1 of Dagnone's amended counterclaim, and as to all counts of NHIC's complaint (Barletta, B) (Entered: 01/21/2005) |
| 01/21/2005 | 40 | Statement Of disputed Fact by N.H. Insurance Co. RE: [39-1] motion response (Barletta, B) (Entered: 01/21/2005) |
| 01/21/2005 | | Motion(s) referred to Judge: [26-1] motion for Summary Judgment re: counterclaim of Nicholas Dagnone, [23-1] motion for Summary Judgment on Count 1 of Dagnone's amended counterclaim, and as to all counts of NHIC's complaint (Barletta, B) (Entered: 01/21/2005) |
| 04/19/2005 | 41 | MEMORANDUM and ORDER granting [26-1] motion for Summary Judgment re: counterclaim of Nicholas Dagnone, denying [23-1] motion for Summary Judgment on Count 1 of Dagnone's amended counterclaim, and as to all counts of NHIC's complaint ( signed by Judge Mary M. Lisi on 4/19/05 ) -- forwarded to counsel of record (Duhamel, J) (Entered: 04/19/2005) |
| 04/20/2005 | | In-chambers conference set at 11:00 on 5/3/05 Before Judge Mary M. Lisi -- Notices sent (Duhamel, J) (Entered: 04/20/2005) |
| 05/03/2005 | | Rule 16 Conference held; John Deacon for Dagnone and Norman Peloquin for Hinckley Yacht; Court to issue an Order submitting the case to ADR with William Poore as the mediator; A PTO to enter closing disc. on 11/3/05. (Barletta, B) (Entered: 05/03/2005) |
| 05/04/2005 | 42 | SCHEDULING ORDER setting Discovery cutoff 11/3/05 ; Deadline for filing of all motions 11/17/05 ; Pretrial Memorandum Deadline 12/5/05 ; - forwarded to counsel of record ( signed by Judge Mary M. Lisi ) (Barletta, B) (Entered: 05/04/2005) |
| 05/12/2005 | 43 | ORDER REFERRING CASE TO ADR with William Poore appointed as neutral; a conference to be held within 60 days and a report filed two weeks thereafter - forwarded to counsel of record ( signed by Judge Mary M. Lisi ) (Barletta, B) (Entered: 05/12/2005) |
| 09/21/2005 | 44 | MOTION for Entry of Separate Judgment on Claims between Dagnone and Plaintiff, with attached Memo by Nicholas Dagnone. Responses due by 10/11/2005 (Duhamel, John) (Entered: 09/22/2005) |
| 09/29/2005 | | Set Deadlines/Hearings: Settlement Conference set for 10/26/2005 09:30 AM in Magistrate Judge Lovegreen Chambers - Room 519 before Magistrate Judge Robert W Lovegreen. (Saucier, Martha) (Entered: 09/29/2005) |
| 10/11/2005 | 45 | MOTION for Extension of Time through 10/25/2005, within which to respond to deft Dagnone's motion for entry of separate judgment on claims between Dagnone and Plaintiff, by New Hampshire Insurance Company. Responses due by 10/25/2005 (Duhamel, John) (Entered: 10/12/2005) |

| | | |
|---|---|---|
| 10/12/2005 | 46 | ORDER granting 45 Motion for Extension of Time to 10/25/05 to respond to 44 MOTION for Entry of Judgment under Rule 54(b) Signed by Judge Mary M Lisi on 10/11/05 - forwarded to counsel of record (Barletta, Barbara) (Entered: 10/12/2005) |
| 10/20/2005 | 47 | JOINT MOTION to Modify Pretrial Scheduling Order by extending pretrial deadlines by 90 days, by Nicholas Dagnone; Talaria Company, a/k/a Hinckley Yacht Services. (Duhamel, John) (Entered: 10/20/2005) |
| 10/24/2005 | 48 | ORDER granting 47 Motion for Extension of Time to Complete Discovery - Signed by Judge Mary M Lisi on 10/21/05; forwarded to counsel of record (Barletta, Barbara) (Entered: 10/24/2005) |
| 10/24/2005 | | Set/Reset Deadlines: Discovery due by 2/3/2006. Motions due by 2/28/2006. Pretrial Memorandum due by 3/31/2006. (Barletta, Barbara) (Entered: 10/24/2005) |



| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 10/24/2005 16:51:56 | | | |
| **PACER Login:** | la0161 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:04-cv-00122-ML |
| **Billable Pages:** | 4 | **Cost:** | 0.32 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY,<br>Plaintiff, | : | |
| v. | : | C.A. No. 04-122 ML |
| NICHOLAS DAGNONE,<br>Defendant, | : | |
| v. | : | |
| HINCKLEY YACHT SERVICES<br>(The Talaria Company LLC)<br>Third Party Defendant. | : | |

**THIRD PARTY COMPLAINT**

**Count I**

1. Nicholas Dagnone at all relevant times has owned a 1993 Bluewater 49 foot motor yacht.

2. Third party defendant Hinckley Yacht Services is, on information and belief, a trade name under which the Talaria Company LLC has, at all relevant times, operated a marina and boatyard in Portsmouth, Rhode Island.

3. Dagnone's claims against Hinckley involve breaches of duties arising from a maritime contract, and maritime tort. Jurisdiction over the subject matter exists under 28 U.S.C. § 1333, and under the principles of ancillary and pendant jurisdiction as expressed in Rule 14(c) Fed. R. Civ. Proc. Dagnone invokes the admiralty jurisdiction of the Court as to all claims in this pleading.

8

4. On or about November 22, 2003, Dagnone caused the vessel to be delivered to Hinckley for winter storage, and for certain maintenance and repairs, for which Hinckley would be paid monetary remuneration, and for which it was in fact paid.

5. From November 22, 2003 through present, the vessel has remained in the exclusive care, custody, possession, and control of Hinckley.

6. Hinckley's possession of the vessel constituted a bailment for hire.

7. On or about December 6, 2003, Hinckley advised Dagnone and his agents that, during the course of a storm that day, the vessel had broken from the position at which Hinckley had purportedly secured it, and as a result had suffered substantial damage.

8. On information and belief, the storm in question was forecast a reasonable time in advance, and was within the range of normal intensity for winter storms in the area. The storm was not unanticipated or extraordinary. The storm was reasonably foreseeable, was actually foreseen, and it was a risk against which Hinckley had duties to protect the vessel.

9. In consequence of the bailment for hire, Hinckley is presumptively responsible for the damage to the vessel. The damage for which Hinckley is responsible is also covered by the policy of insurance which is the subject of plaintiff's claim for declaratory judgment.

**Count II**

10. Dagnone incorporates the allegations of paragraphs 1-9.

11. Hinckley owed a duty to exercise reasonable care to secure the vessel in such a manner as to withstand the force of reasonable foreseeable storms, and of storms actually expected. The duty of reasonable care included the obligation to provide reasonably fit and appropriate equipment and appliances, including piers, cleats, and lines.

12. Hinckley breached its duty of reasonable care, proximately causing the damage to the vessel.

**Count III**

13. Dagnone incorporates the allegations of paragraphs 1-12.

14. The contract with Dagnone imposed implied obligations upon Hinckley to exercise reasonable care to secure the vessel in such a manner as to withstand the force of reasonably foreseeable storms, and of storms actually expected. The duty of reasonable care included the obligation to provide reasonably fit and appropriate equipment and appliances, including piers, cleats, and lines.

15. Hinckley breached said implied obligations under the contract, which proximately caused the damage to the vessel.

WHEREFORE, Dagnone demands compensatory damages against Hinckley in amounts to be proved at trial, plus interest, costs, and such other relief as may be appropriate.

By his attorney,

John D. Deacon, Jr. (#2226)
72 Pine Street - 5th Floor
Providence, RI 02903
Tel: 401-272-8080
Fax: 401-272-8195

**Certificate of Service**

I hereby certify that on this 23 day of June, 2004, I caused to be served by First Class U.S. Mail, postage prepaid, a true copy of the within Third Party Complaint to Frederick A. Lovejoy, Esq., Lovejoy & Associates, 1536 Westminster Street, Providence, RI 02903.

CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was sent by U.S. mail on October 24, 2005, postage prepaid, to:

John D. Deacon, Esq.
Little, Medeiros, Kinder, Bulman & Whitney
72 Pine Street, 5th Floor
Providence, Rhode Island 02903

Norman A. Peloquin, II, Esq.
16 Main Road
P.O. Box 65
Adamsville, Rhode Island 02801

FREDERICK A. LOVEJOY