UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NEW HAMPSHIRE INSURANCE COMPANY,
Plaintiff,

v. CA 04-122ML

NICHOLAS DAGNONE,
Defendant,

v.

HINCKLEY YACHT SERVICES
(The Talaria Company LLC)
Third Party Defendant.

# MEMORANDUM AND ORDER

This case is before the Court on Defendant Dagnone's ("Defendant" or "Dagnone") Motion for Entry of Separate Judgment pursuant to Federal Rule of Civil Procedure 54(b). For the reasons stated below, Defendant's motion is granted.

## I. Background

On April 9, 2004, Plaintiff New Hampshire Insurance Company ("NHIC") filed a complaint seeking a declaratory judgment that the policy it issued Defendant did not cover losses to his yacht incurred in December 2003. In answering the complaint, Dagnone asserted his own counterclaim that NHIC wrongfully and in bad faith refused to pay his claim. Dagnone also filed a third-party complaint against Hinckley Yacht Services ("Hinckley"), the marina storing the boat during the loss, alleging breach of a maritime contract and maritime tort.

On April 19, 2005, this Court issued a Memorandum and Order granting NHIC's Motion for Summary Judgment and denying Dagnone's Cross-Motion for Summary Judgment. On September 21, 2005, Dagnone filed a Motion for Entry of Separate Judgment pursuant to Fed. R. Civ. P. 54(b) so that he may appeal the Court's Order of April 19, 2005.

II. Discussion

Because this is an action in admiralty, argues NHIC, the proper mechanism for appealing the summary judgment order was an interlocutory appeal pursuant to 28 U.S.C. § 1292(a)(3). That provision grants the appellate courts jurisdiction over "[i]nterlocutory decrees . . . determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed." 28 U.S.C. § 1292(a)(3)(2000). As an exception to the final judgment rule, this section allows appeals of orders in admiralty that do not resolve all claims as to all parties, based on the theory that "the enumerated orders are likely to be so important to the parties that an immediate appeal should lie even though the district court still may have one or more closely related questions before it." 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure Civ. § 2658.1 (3d ed. 1998).

Appeals under 1292(a)(3) are governed by the time limitations defined in Fed. R. App. P. 4(a)(1)(A). See, e.g., Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 6 (1st Cir. 2005). This provision requires a party to file its notice of appeal "within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). Here, the order Dagnone wishes to appeal from was entered on April 19, 2005, and no notice of appeal has been filed. NHIC contends that Dagnone, having missed the deadline to take an interlocutory appeal under 1292(a)(3), is now inappropriately requesting permission to appeal under Fed. R. Civ. P. 54(b).

In this Circuit, however, no forfeit results from a failure to take an available interlocutory appeal. Colón v. R.K. Grace & Co., 358 F.3d 1, 4 (1st Cir. 2003). Nor has the merger of admiralty practice into the Civil Rules meant that one mechanism has repealed the other. In re N. Transatlantic Carriers Corp., 423 F.2d 139, 141 (1st Cir. 1970). Dagnone is in the same position as any party seeking appellate review pursuant to Rule 54(b); his failure to take advantage of an alternate mechanism does not preclude relief under that Rule.

While 1292(a)(3) operates as an exception to the final judgment rule by allowing review of orders without concern for their finality, Rule 54(b) functions as an application of the final judgment rule by providing a mechanism for expediting review of a separable portion of a multiple-claim or multiple-party action that has been finally adjudicated. See, e.g., Pang-Tsu Mow v. Republic of China, 201 F.2d 195, 197 (D.C. Cir. 1953), cert. denied, 345 U.S. 925 (1953). Rule 54(b) provides, in relevant part:

> When more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. P. 54(b). In order to implement the Rule, the court must: 1) make a finding that the ruling disposes fully of at least one substantive claim; 2) determine that there is no just cause for delay in entering judgment; 3) make specific findings setting forth the reasons for its order. Spiegel v. Trustees of Tufts College, 843 F.2d 38, 43 (1st Cir. 1988).

The First Circuit has delineated a two-part analysis for evaluating the appropriateness of certification under 54(b). State Street Bank & Trust Co. v. Brockrim, Inc., 87 F.3d 1487, 1489 (1st Cir. 1996). First, it determines "whether the district court action underlying the judgment

had the 'requisite aspects of finality.'" Id. (quoting Spiegel, 843 F.2d at 43). Second, it reviews the district court's "assessments of 1) any interrelationship or overlap among the various legal and factual issues involved and 2) any equities and efficiencies implicated by the requested piecemeal review." State Street, 87 F.3d at 1489.

The first step of the analysis requires a finding that the order sought to be appealed disposed of all the rights and liabilities of at least one party as to at least one claim. Credit Francais Int'l, S.A. v. Bio-Vita, Ltd., 78 F.3d 698, 706 (1st Cir. 1996). That is, the order must be final pursuant to 28 U.S.C. § 1291 as to one party or one claim. State Street, 87 F.3d at 1490. A final decision under § 1291 has been defined as one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945).

Here, the Court's Order of April 19, 2005 resolved the question of whether NHIC's policy covered the damages Dagnone suffered, the sole question raised in the action between these two parties. All that remains to be adjudicated in the action is the third-party complaint and countersuit between Dagnone and Hinckley. Therefore, while Dagnone's rights remain to be finally adjudicated, the liabilities and rights of NHIC have been disposed of in the April 19 Order. In fact, NHIC itself asserts that no further claims between NHIC and Dagnone survive, stating, "the matter was 'terminated' as to NHIC on April 19, 2005." (Pl.'s Mem. Opp. Mot. Sep. J. 6 n.4.) There is nothing remaining for the Court to do with respect to NHIC but execute the judgment. Therefore, the order is sufficiently final to qualify for 54(b) certification.

The second step of the analysis requires an investigation into 1) any interrelationship or overlap among the various legal and factual issues involved and 2) any equities and efficiencies

implicated by the requested piecemeal review. State Street, 878 F.3d at 1489. As to whether there is significant overlap in the facts or law between the coverage action between Dagnone and NHIC and the liability action between Dagnone and Hinckley, NHIC itself argues there is little. NHIC directs the Court to Dagnone's failure to allege that Hinckley is liable either to NHIC or to Dagnone for NHIC's claims against Dagnone; rather, NHIC asserts, Dagnone "asserts claims for monetary damages due to Hinckley Yacht Services' breach of contract and negligence, which claims are separate and independent of the 'first-party' insurance dispute . . ." (Pl.'s Mem. Opp. Mot. Sep. J. 6 n.3.)

Indeed, there appears to be little interrelationship between the two claims. The factual issue at the heart of the coverage action is whether Dagnone's boat was "laid up and out of commission" at the time the loss occurred. The relevant law in that action concerns maritime insurance policies and their construction. For the liability action, presumably the essential facts will be those relevant to Hinckley's obligations to care for the boat, and the cause and amount of the damage incurred. The legal questions will be governed by maritime tort and contract law. These claims have little to do with each other. Different facts underlie their central concerns, and the law governing them is distinct.

Finally, after considering the equities and efficiencies implicated by the requested piecemeal review, the Court finds there is no just cause for delay. The First Circuit has considered the following in reviewing a court's equities analysis: whether the same parties that are on appeal remain parties in the action pending before the district court, Consolidated Rail Corp. v. Fore River Railway Co., 861 F.2d 322, 326 (1st Cir. 1988); whether immediate appellate review would be duplicative or wasteful of judicial resources, American Automobile

Manufactuers Ass'n v. Commissioner, Massachusetts Department of Environmental Protection, 998 F. Supp. 26, 29 (D. Mass. 1998); and whether there is an urgent need for immediate review, or whether the trial of the remaining claims might have the effect of mooting the issues on appeal, Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 580 (1st Cir. 1994).

Here, while Dagnone remains a party in the pending litigation, NHIC has no further claims in the district court, and therefore, this is not the disfavored scenario of the same contestants awaiting appeal and trial court adjudication simultaneously. The separate nature of the factual and legal disputes of the two claims means that the appeal court will not be asked to go over the disputed claim more than once. Moreover, a disposition of the pending third party action would not moot the appeal review requested. In general, coverage actions such as this one are often appropriate for expedited review while a related liability action is pending, because, for the most part, the parties are not identical, the factual issues are distinct, and it is unlikely that the actions could be tried together, as the issue of insurance coverage is not appropriate for a jury deciding liability to consider. Hall v. Wilkerson, 926 F.2d 311, 314 (3d Cir. 1991).

Finally, NHIC argues that Dagnone waited six months before seeking 54(b) certification, and that his request is therefore untimely, but it cites no relevant authority for this position. Rule 54(b) has no timing requirement; the trial court must only find, in its discretion, that there is no just reason for delay. See, e.g., Spiegel, 843 F.2d at 44. While Dagnone does not argue there is an urgent need for immediate review, NHIC is hardly prejudiced by an earlier review, since Dagnone would ultimately be entitled to appellate review upon resolution of the third-party action.

III. Conclusion

For the foregoing reasons, the Court finds there is no just reason for delay of the entry of judgment on Plaintiff's Motion for Summary Judgment, decided by the Court on April 19, 2005, pursuant to Fed. R. Civ. P. 54(b). The Clerk is directed to enter final judgment in favor of NHIC.

SO ORDERED.

Mary M. Lisi

Mary M. Lisi
United States District Judge
December 5, 2005